UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NILOFER NANLAWALA, | ) |
| Plaintiff, | ) Case No.: 21-cv-5624 |
| v. | ) Hon. Judge Matthew F. Kennelly |
| CITY OF CHICAGO, a municipal corporation, | ) |
| Defendant. | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Plaintiff, NILOFER NANLAWALA, by and through her undersigned counsel, asks this court to grant Plaintiff's Motion For Leave To File A Second Amended Complaint. In further support of their motion, Plaintiff states as follows:

With a Motion to Dismiss before this court, on May 5, 2022, the court entered and continued the Defendant's motion as to Count III to give the Plaintiff the opportunity to cure her First Amended Complaint as to that count. Dkt. 28. The issue to cure related to timeliness of Plaintiff's Title VII gender discrimination claim in order to plead a hostile work environment. By providing additional allegations that occurred within the statutory period, Plaintiff clears the plausibility threshold that is required at the pleadings stage.

**ARGUMENT**

A pleader's responsibility is to state a claim for relief that is plausible on its face. *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cnty.*, 804 F.3d 826, 833 (7th Cir. 2015).

"The standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the allegations." *Id*. (citation omitted).

Plaintiff's Second Amended Complaint alleges a pattern of discrimination that Ofcr. Nanlawala endured; this began with delaying reasonable accommodations to Ofcr. Nanlawala as a pregnant woman in 2015 (Dkt. 35, ¶¶ 7-11)[1], continued while she was nursing until the fall of 2018 (¶¶ 12-13, 45), spilled over to denying various work assignments (¶14, 19-23, 25-28), and other terms and conditions of her employment (¶ 29-32, 36-37), and includes retaliation for engaging in protected activity (Dkt. 35, Count V).

The City argues that Plaintiff's gender discrimination claims under Title VII are discrete, discriminatory acts that are time-barred. Dkt. 37, pp. 5-7. This is incorrect as a matter of law for a Title VII hostile work environment claim per *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) and as explained in *Lucas v. Chicago Transit Authority*, 367 F.3d 714 (7th Cir. 2004). In the hostile work environment context, the continuing violation doctrine provided in *Morgan* permits unlawful acts outside of the statutory period to be considered so long as there was one unlawful act within the time period. *Morgan*, 536 U.S. at 116. Plaintiff's Second Amended Complaint satisfies this requirement.

Alternatively, as a general Title VII gender discrimination claim, those acts falling outside the statute of limitations are to be considered in the pleadings when they are offered as relevant background evidence, as is the situation in the case at bar. *Malin v. Hospira, Inc.*, 762 F.3d 552, 561 (7th Cir. 2014).

Accordingly, because Plaintiff's pleadings "describe events that could have happened and which discovery can be reasonably expected to reveal," Plaintiff's motion should be granted.

---

[1] Citations to Plaintiff's Second Amended Complaint (Dkt. 35) are herein referred to as "¶ __".

*Huri*, 804 F.3d at 834 (citation omitted).

I. **Plaintiff Cured Her Complaint Such That It Supports A Title VII Gender Discrimination Claim Based On Hostile Work Environment. Alternatively, The Facts Alleged Are Relevant Background To Plaintiff's Timely Claims.**

A plaintiff in the pleading stage is not required to allege a claim based on a hostile work environment legal theory, rather, "she must only plead facts sufficient to support a plausible claim for relief." *Holyfield-Cooper v. Bd. of Educ.*, No. 13 C 3625, 2013 U.S. Dist. LEXIS 114581, at *4 (N.D. Ill. Aug. 14, 2013). Plaintiff's Second Amended Complaint pleads sufficient facts as they allege an unlawful employment practice that occurred as a pattern over time rather than one discrete act, which altered the terms and conditions of Plaintiff's employment. Moreover, as argued *infra*, the facts allege that this conduct was so severe that it also interfered with Plaintiff's work performance and created an intimidating, hostile, and offensive work environment.

    A. *The continuing violation doctrine makes plaintiff's sex discrimination claim based on hostile work environment timely.*

The City's argument fails because the discriminatory acts are not several discrete acts as the City asserts, rather, they are part of one unlawful employment practice of which at least one act occurred within the 300-day time limit. The acts alleged in Plaintiff's Second Amended Complaint are those acts whose cumulative effect created a hostile work environment, thus permitting those acts that occurred before the 300 day period to be considered with those acts that occurred during this time period under the continuing violation doctrine.

The Seventh Circuit in *Lucas* explains the Supreme Court's use of the continuing violation doctrine in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), stating that under *Morgan*, the "'very nature' of hostile work environment claims involves 'repeated conduct' that 'may not be actionable on its own.'" *Lucas v. Chicago Transit Authority*, 367 F.3d

3

at 724 (citing *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. at 115). The Court continued stating that, instead, such claims are based "'on the cumulative effect of individual acts.'" *Id*. Contrary to the City's position, "[i]n contrast to discrete acts of discrimination, [i]t does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period." *Id*. The Seventh Circuit ruled that as long as an act contributing to the claim "occurs within the filing period, the *entire time period* of the hostile environment may be considered by a court for the purposes of determining liability." *Id*. (emphasis added). Here, that time period begins with Plaintiff's disclosure that she was pregnant and continued until she went on Stress Medical Leave in 2020 due to Defendant's unrelenting conduct.

In this case, Plaintiff "plead facts sufficient to support a plausible claim for relief." *Id*. The incidents mentioned in her Second Amended Complaint constitute one unlawful employment practice such that the continuing violation doctrine applies per *Morgan*. Plaintiff alleges, for example, that after asking the midnight shift lieutenant, Lt. Fine, for her pregnancy and subsequent nursing accommodations, Plaintiff noticed that Lt. Fine repeatedly changed Plaintiff's start times and partners which was done to create confusion, performance issues and have Ofcr. Nanlawala work in an unstable environment. ¶¶ 13, 14. Ofcr. Nanlawala requested to work the early side of the midnight shift and she informed Lts. Fine and Block the reason for her request: so that she could return home in time to allow her husband to leave for work and for her to care for their two children. ¶ 22. As it turned out, she was instead routinely scheduled for the late side of the midnight shift. *Id*. Four co-workers requested Ofcr. Nanlawala as their partner on the early side of the midnight shift. ¶ 23. These requests were denied. *Id*. Plaintiff applied for two management positions at her assigned district. ¶ 17. These applications were

4

denied. *Id*. Plaintiff repeatedly placed bids for day shifts; she was denied being told that other officers chosen over her had more years than she. ¶¶ 19-20. This was false; Ofcr. Nanlawala was senior to at least 11 officers who were granted their bids to work day shifts. ¶ 20. Plaintiff spoke to three other lieutenants to work either of the day shifts; these requests were denied. ¶ 21. Plaintiff's request to be assigned a consistent police vehicle took four times longer than her counterparts: two years after her request as opposed to six months for her counterparts' requests. ¶ 26. Plaintiff requested assignment to the Robbery Team. ¶ 27. Her request was denied. *Id*. Plaintiff applied multiple times to work on the Tactical Team. ¶ 28. Her requests were denied. *Id*. By comparison, less experienced male counterparts were accepted to work this team. *Id*. To leave this abusive, hostile work environment created by her superiors, Ofcr. Nanlawala transferred from District 14 to District 17. ¶ 31. Lts. Block and Fine and the 14th District Commander disparaged Plaintiff's reputation to the 17th District Commander. ¶¶ 30, 32. As a consequence, the 17th District Commander told one of Plaintiff's colleagues that he would have Plaintiff continue to work the midnight shift; instead, he decided to transfer Plaintiff back to the 14th District. ¶¶ 32, 33.

"[W]hen an assertedly unlawful employment practice occurs as a pattern over time rather than in one discrete act, it does not matter when the individual deeds contributing to the pattern occurred, if the pattern continued into the 300 days before the charge's filing." *King v. Acosta Sales and Marketing, Inc.*, 678 F.3d 470, 472 (7th Cir. 2012). Here, paragraphs 30-35 of the Second Amended Complaint show that the pattern of unlawful employment practice continued into the 300 days before Plaintiff's IDHR filing on August 21, 2020. In March 2020, Plaintiff transferred to District 17 in order to free herself from the abusive relationship created by her superiors at District 14. However, the District 14 Commander ensured that the harassment

would follow Plaintiff by contacting his counterpart at District 17 and disparaging Plaintiff, stating she was a bad officer, trouble maker and abused her medical leave. ¶ 32. Contrary to the commander's statements, Plaintiff, in fact was not only a good officer, but she received a commendation for her work, was never disciplined, and took personal medical leave in compliance with the City's policies. ¶¶ 33-35. Additionally, as explained in Plaintiff's Count V retaliation claim, Plaintiff was deemed a "troublemaker" because of her protected activity that resulted in retaliation against her. Dkt. 35, Count V.

"The cumulative effect" of Defendant's individual acts (*Lucas v. Chicago Transit Authority*, 367 F.3d at 724) was so pervasive or severe that it altered Plaintiff's terms and conditions of employment and created an intimidating, hostile, and offensive work environment. Defendant's acts manifested upon Plaintiff's physical and psychological health. Plaintiff experienced increased stress, anxiety, sleeplessness, and back pain. ¶¶ 24. The cumulative effect also interfered with Plaintiff's work performance because, prior to taking her Stress Medical Leave, she began to experience panic attacks. ¶¶ 38, 39. Moreover, by ensuring Plaintiff would suffer the same treatment anywhere she went (as demonstrated by the District 14 Commander disparaging Plaintiff to his District 17 counterpart) Defendant created an intimidating, hostile, and offensive work environment as Plaintiff learned she was unable to escape the abusive relationship created by her superiors. ¶¶ 30-37.

As such, the Second Amended Complaint pleads facts sufficient to support a plausible claim for relief based on hostile work environment, and, through the continuing violation doctrine, the component acts outside of the statutory period, when considered with those unlawful acts within the statutory period, state a claim for relief that is plausible on its face.

> **B.** *Alternatively, acts falling outside the statute of limitations are relevant background evidence and can be considered in Plaintiff's sex discrimination claim.*

If the Court determines the continuing violation doctrine is inapplicable to the actions occurring more than 300 days before the filing of her EEOC charge, then it is relevant background information for a timely claim: Plaintiff's transfer from District 17 back to District 14 and the denial of assignments that occurred within the 300 day period. ¶¶ 30-36.

In *Malin*, the Seventh Circuit held, "Discrete acts that fall outside the statute of limitations are not actionable but may be used as relevant background evidence in support of a timely claim." *Malin v. Hospira, Inc.*, 762 F.3d 552, 561 (7th Cir. 2014) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)). In *Malin*, the Court explained that as to those events that occurred outside of this period, it "does not mean those events are not relevant in evaluating" the timely actions. *Id.* at 560.

Here, those acts falling outside of the statute of limitations are relevant background evidence. Delaying Plaintiff's pregnancy accommodation until she retained counsel and providing a washroom to pump breast milk set in motion the subsequent acts of sex discrimination Plaintiff endured. The sex discrimination that Plaintiff experienced when she was pregnant and nursing is relevant background evidence to the City's intent when it later made adverse employment decisions with respect to her, such as denying her requests for assignments, shift preference and partners. See *supra*, Section A., pgs 4-5 for greater detail.

The aforementioned shows that the sex discrimination Ofcr. Nanlawala endured is related to the sex discrimination she experienced prior. Under *Malin*, those discrete acts that fall outside of the statute of limitations "may be used as relevant background evidence in support of a timely claim." *Malin v. Hospira, Inc.*, 762 F.3d at 561. Plaintiff's claim could hardly be understood without the context of her 2015 pregnancy and requests for accommodation, or her 2017 requests for accommodation to express breast milk. Accordingly, those unlawful discriminatory acts that

occurred within the 300-day statutory period are so entwined with those that occurred outside of the statutory period that they cannot be separated and are relevant background evidence.

## CONCLUSION

Because the continuing violation doctrine applies to a hostile work environment claim, the City's argument of timeliness fails. Alternatively, those discrete acts that fall outside of the statute of limitations are entwined with the timely filed claim and may be used as relevant background evidence. Accordingly, Plaintiff's motion should be granted because she "plead facts sufficient to support a plausible claim for relief." *Holyfield-Cooper*, 2013 U.S. Dist. LEXIS 114581, at *4.

Respectfully submitted,
Dated: July 12, 2022

/s/ *Janaan Hashim*

Janaan Hashim

Janaan Hashim, Esq.
Amal Law Group, LLC
161 N. Clark Street, Suite 1600
Chicago, IL 60601
312-882-4122
jhashim@amallaw.com

Christina Abraham, Esq.
Abraham Law and Consulting, LLC
161 N. Clark Street, Suite 1600
Chicago, IL 60601
(312) 588-7150
Christina.w.abraham@gmail.com

*Counsels for plaintiff*

**<u>Certificate of Service</u>**

The undersigned attorney hereby certifies that she caused a copy of **Plaintiff's Reply In Support Of Her Motion For Leave To File A Second Amended Complaint** to be served upon the parties assigned for service via electronic mail to the below email addresses on July 12, 2022.

| | |
|---|---|
| John M. Catalano, Jr.<br>Assistant Corporation Counsel<br>City of Chicago, Dept. of Law<br>Employment Litigation Division<br>2 North LaSalle Street, Suite 640<br>Chicago, IL 60602<br>John.Catalano2@cityofchicago.org | Scott Crouch<br>Assistant Corporation Counsel<br>City of Chicago, Dept. of Law<br>Employment Litigation Division<br>2 North LaSalle Street, Suite 640<br>Chicago, IL 60602<br>Scott.Crouch@cityofchicago.org |
| Donna Pappas<br>Assistant Corporation Counsel<br>City of Chicago, Dept. of Law<br>Employment Litigation Division<br>2 North LaSalle Street, Suite 640<br>Chicago, IL 60602<br>donna.pappas@cityofchicago.org | Matthew Suhl<br>Assistant Corporation Counsel<br>City of Chicago, Dept. of Law<br>Employment Litigation Division<br>2 North LaSalle Street, Suite 640<br>Chicago, IL 60602<br>Matthew.Suhl@cityofchicago.org |

/s/ *Janaan Hashim*

Janaan Hashim
Attorney for the Plaintiff

Janaan Hashim, Esq.
Amal Law Group, LLC
161 N. Clark Street, Suite 1600
Chicago, IL 60601
312-882-4122
jhashim@amallaw.com

Dated: July 12, 2022